**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| XFINITY MOBILE, a brand of COMCAST OTR1, LLC, COMCAST CABLE COMMUNICATIONS, LLC, and COMCAST CORPORATION, | ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) | FILE NO. 1:19-cv-3294-JPB |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| DEVIN TECH INC., ABUZER EMRE OZER, SAMET ERASLAN, AND MEHMET TASKIN, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY
AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs Comcast OTR1, LLC and Comcast Cable Communications, LLC, for themselves and their Xfinity Mobile brand ("Xfinity Mobile") and Comcast Corporation (collectively, "Plaintiffs") move, pursuant to Fed. R. Civ. P. 26(d), for entry of an order permitting Plaintiffs to commence limited expedited discovery to obtain and preserve such evidence prior to the parties' Rule 26(f) scheduling conference. Specifically, Plaintiffs seek permission to serve non-party subpoenas pursuant to Fed. R. Civ. P. 45 because certain non-parties have significant

117778953.v1

evidence relevant to this case that they are under no duty to preserve and may destroy pursuant to their own corporate document retention policies.

## INTRODUCTION

As set forth in greater detail in Plaintiffs' Complaint filed earlier today [ECF No. 1], Defendants Devin Tech Inc., Abuzer Emre Ozer, Samet Eraslan, and Mehmet Taskin (collectively, "Defendants") are engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and deceptive purchase and resale of wireless communications handsets under the brand Xfinity Mobile (collectively "XM Phones" or "Phones"), the theft of Xfinity Mobile's financial investment in the Phones, the unlawful access of Xfinity Mobile's protected computer networks, the trafficking of Xfinity Mobile's security codes, and the willful infringement of the Xfinity Mobile trademarks (collectively, the "Scheme").

Defendants and their co-conspirators are handset traffickers who exploit Xfinity Mobile's financial incentives to acquire Phones by using various unlawful methods to circumvent the policies and procedures that are intended to protect Xfinity Mobile and its legitimate customers, and then resell the illicitly obtained Phones for a substantial profit. Indeed, the Scheme illicitly converts Xfinity Mobile's substantial investment in its Phones directly into profits for Defendants and

2

their co-conspirators. The Scheme also violates federal trademark laws and several provisions of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

The Scheme causes harm to Xfinity Mobile and Xfinity Mobile's customers. Xfinity Mobile suffers pecuniary losses from the theft of the XM Phones and the loss of financial incentives Xfinity Mobile provides to its legitimate customers, as well as its lost investment in sales, marketing and related costs, and the loss of expected customer revenue from service allocated to each Phone. Additionally, the misconduct by Defendants and their co-conspirators significantly harms Xfinity Mobile's relationships with its customers and others. For example, legitimate customers whose accounts are targeted and attacked by Defendants and their co-conspirators are distressed and may seek to blame Xfinity Mobile. The Scheme also causes substantial damage to Xfinity Mobile's goodwill, image, and reputation.

Xfinity Mobile uncovered compelling evidence demonstrating that Defendants are active participants in the Scheme. Given this evidence, which is attested to in the Declaration of Stuart Drobny submitted in support of this Motion, expedited discovery is appropriate as certain non-parties are likely in possession of information relating to Defendants' Scheme, but are under no obligation to preserve or share such information with Xfinity Mobile. Expedited discovery will assist in identifying

3

117778953.v1

Defendants' co-conspirators and allow Xfinity Mobile to mitigate the irreparable harm caused by Defendants' ongoing Scheme.

## FACTUAL BACKGROUND

Although large quantities of XM Phones are being acquired throughout the United States, Xfinity Mobile has learned that a number of them are not being activated for use on the Xfinity Mobile network. Instead, entities and individuals, such as Defendants and their co-conspirators, with no intention of lawfully connecting to or using Xfinity Mobile's wireless services, are fraudulently acquiring and reselling XM Phones in bulk.

Xfinity Mobile first identified Defendants in September 2018, at the Mobile World Congress meeting in Los Angeles. *See* Declaration of Stuart Drobny ("Drobny Decl.") at ¶ 6, attached hereto as Exhibit A. All three individual Defendants were there on behalf of Devin Tech. *Id.* First, they volunteered to investigators for Xfinity Mobile that they deal in electronics, then they became more specific and admitted that they traffic in large quantities of new phones, particularly XM Phones. *Id.* Defendants also volunteered that they have a large number of "runners" to obtain new Phones and could unlock the Phones, if needed. *Id.*

117778953.v1

In October 2018, one of the investigators followed up with Devin Tech's Chief Financial Officer, Defendant Samet Eraslan, regarding the company's present inventory of new XM Phones. *Id.* at ¶ 7. Defendant Eraslan provided the investigator with a list of brand new locked Xfinity Mobile iPhone XS devices, one of the most expensive and in-demand smartphones currently on the market. *Id.*

In December 2018, Defendant Mehmet Taskin offered in text messages to sell 24 brand new XM iPhone XS 512gb handsets to the investigator for $950 each. *Id.* at ¶ 8. That handset is sold by Apple for $1,349 each. Defendant Taskin revealed that he also sells these phones to traffickers in Hong Kong for $950 each. *Id.* Defendant Taskin admitted that his brand new XM iPhones do not come with a warranty "if they go bad," and that is why he typically sends the Phones to Hong Kong. *Id.*

The investigator agreed to purchase five brand new XM iPhones from Defendants for $950.00 each. *Id.* at ¶ 9. On December 20, 2018, the investigator received the 5 XM Phones from Devin Tech via UPS ground shipment. *Id.* That same day, Defendant Taskin sent the investigator a text message that included IMEIs for eight (8) additional brand new XM iPhones that Defendants were offering for sale. *Id.*

117778953.v1

According to text messages from Defendant Taskin, Defendants have been handset traffickers for about five years and started trafficking XM Phones in 2018. *Id.* at ¶ 10.  They also informed the investigator that they traffic in approximately 40-50 new XM iPhones per week. *Id.*  Xfinity Mobile's fraud department analyzed the 32 total IMEIs for Xfinity Mobile iPhone Xs devices provided by Defendants to the investigator, and confirmed that they were all new XM Phones fraudulently acquired via telesales. *Id.*

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 26(f), Plaintiffs seek permission to serve subpoenas directed to certain non-parties prior to the parties' scheduling conference. Expedited discovery is appropriate in this case as certain non-parties, such as FedEx, UPS, DHL, Amazon, eBay, PayPal, and Craigslist are likely in possession of information relating to Defendants' Scheme, but are under no obligation to preserve or share such information with Plaintiffs.  Further, expedited discovery is appropriate because the alleged Scheme is ongoing and continuing to cause substantial and irreparable harm to Xfinity Mobile.

## I.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, discovery may commence before the parties have engaged in a discovery conference, if ordered by the Court.

6

117778953.v1

Fed. R. Civ. P. 26(d) and (f).   Under the rules, "the control of discovery is committed to the sound discretion of the trial court."   *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004).   District Courts are afforded broad discretion in the scheduling of discovery, which includes the discretion to order expedited discovery.   *See Johnson v. Board of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).

Courts in this District apply a "good cause" standard for determining whether expedited discovery is appropriate.   *See, e.g., PowderPak Int'l, LLC v. B.F. Mach., Ltd*, No. 4:16-CV-0026-HLM, 2016 WL 9450407, at *2 (N.D. Ga. Mar. 1, 2016) ("A party seeking expedited discovery must show good cause."); *Merial LLC v. Fidopharm, Inc.*, No. 1:13-CV-1207-SCJ, 2013 WL 12072140, at *2 (N.D. Ga. May 22, 2013); *see also TracFone Wireless, Inc. v. SCS Supply Chain LLC*, No. 19-20604, 2019 WL 1323116, at *2 (S.D. Fla. Feb. 22, 2019) (same); *TracFone Wireless, Inc. v. Nektova Grp., LLC*, 328 F.R.D. 664, 666 (S.D. Fla. 2019) (same); *Arista Records LLC v. Does 1-7*, 3:08CV18 CDL, 2008 WL 542709 (M.D. Ga. Feb. 25, 2008) (same).   "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."   *Nektova Grp., LLC*, 328 F.R.D.

7

117778953.v1

at 666 (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

## II.    GOOD CAUSE EXISTS TO CONDUCT EXPEDITED DISCOVERY REGARDING DEFENDANTS' IMPROPER ACTIVITIES

Good cause exists where, as in this case, the complaint alleges claims of trademark infringement. *See Digital Sin, Inc. v. Does 1-176*, No. 12-CV-00126, 279 F.R.D. 239, 242-43 (S.D.N.Y. 2012) (granting expedited discovery after finding *prima facie* case of infringement); *Qwest Communications Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("The good cause standard may be satisfied…where the moving party has asserted claims of infringement and unfair competition."); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *UMG Recordings v. Does*, 2006 WL 1343597, at *1 (N.D. Cal. Mar. 6, 2006); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990) (granting plaintiff expedited discovery in copyright infringement case so that factual inquiries could be made to avoid further irreparable harm). Expedited discovery is also appropriate were it will conserve party and court resources and expedite the litigation. *Semitool*, 208 F.R.D. at 276 (granting expedited discovery in a patent infringement action where the court found doing so would allow for prompt amendment of the complaint, a more meaningful Rule 16 Pretrial Conference, and would expedite the ultimate

8

disposition of the case); *SCS Supply Chain LLC*, 2019 WL 1323116, at *2; *Nektova Grp., LLC*, 328 F.R.D. at 666.

In *Sprint Nextel Corporation v. Ace Wholesale, Inc.*, Case No. 1:12-cv-02901, The Honorable Julie E. Carnes granted expedited discovery to Sprint Communications Company L.P. and Sprint Nextel Corporation where the complaint alleged that the defendants were involved in an illicit bulk resale scheme involving Sprint wireless handsets.  A copy of the Order Granting Plaintiff's Motion for Expedited Discovery is attached hereto as Exhibit B.

Similarly, in *SCS Supply Chain, LLC and Nektova Grp., LLC,* the courts found good cause to grant expedited discovery given TracFone's request to serve subpoenas on third parties that it reasonably believed may have information relating to the case.  *SCS Supply Chain LLC*, 2019 WL 1323116, at *2; *Nektova Grp., LLC*, 328 F.R.D. at 666.  In these cases, the complaints alleged that the defendants were involved in an illicit bulk resale scheme involving TracFone handsets.  *SCS Supply Chain LLC*, 2019 WL 1323116, at *1; *Nektova Grp., LLC*, 328 F.R.D. at 665.  The courts found that granting expedited discovery was warranted to mitigate any additional irreparable harm caused by the defendants' ongoing alleged scheme.  *SCS Supply Chain LLC*, 2019 WL 1323116, at *3; *Nektova Grp., LLC*, 328 F.R.D. at 666.

9

In this case, expedited discovery will conserve party and Court resources by allowing Plaintiffs to quickly determine the full extent of Defendants' unlawful conduct, the identities of Defendants' co-conspirators, the identities of legitimate Xfinity Mobile customers harmed by Defendants' Scheme, and allow for a more meaningful Rule 26(f) Conference, which will ultimately lead to a more expeditious resolution of Plaintiffs' claims. *Semitool*, 208 F.R.D. at 276 (granting expedited discovery in a patent infringement action where the court found doing so would allow for prompt amendment of the complaint, a more meaningful Rule 16 Pretrial Conference, and would expedite the ultimate disposition of the case). Expedited discovery is also necessary so that Xfinity Mobile may mitigate any additional irreparable harm caused by Defendants' ongoing Scheme. *SCS Supply Chain LLC*, 2019 WL 1323116, at *3; *Nektova Grp., LLC*, 328 F.R.D. at 666. If Xfinity Mobile can quickly learn these facts, it can take corrective and preventive measures to stem the damage. *SCS Supply Chain LLC*, 2019 WL 1323116, at *3; *Nektova Grp., LLC*, 328 F.R.D. at 666; *see also TracFone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 672 (S.D. Fla. 2015); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014); *TracFone Wireless, Inc. v. Wireless Ass'n LLC*, 2010 WL 11643273 (N.D. Tex. Feb. 3, 2010); *TracFone Wireless, Inc. v. Nat'l Wireless Wholesale, Inc.*, 2010 WL 11639978 (M.D. Fla.

10

Jan. 26, 2010); *Interserve Inc. v. Fusion Garage PTE, Ltd.*, No. C 09-05812 JW (PVT), 2010 WL 143665, at *2 (N.D. Cal. Jan. 2010) (ordering expedited discovery because plaintiff may be irreparably harmed by the alleged infringing conduct).

Xfinity Mobile needs to quickly recover information concerning the extent of Defendants' unlawful activities. This information is being collected by third parties such as UPS, FedEx, DHL, Amazon, eBay, PayPal, Craigslist, companies Defendants are using to perpetrate the Scheme. *See* Drobny Dec. at ¶11 (explaining why these third parties are likely to have pertinent information). Upon information and belief, these third parties have collected data that is highly relevant to this litigation; however, they do not have an obligation to preserve, such as log files and surveillance footage. *Id.* If Xfinity Mobile can send formal discovery to third parties under Rule 45, it can collect this and other information before it is permanently lost and take corrective and preventive measures to stem the damage being caused by Defendants' Scheme. *See Holden Prop Servs.*, 299 F.R.D. 693; *Interserve Inc. v. Fusion Garage PTE, Ltd.*, 2010 WL 143665, at *2 (N.D. Cal. Jan. 2010) (ordering expedited discovery upon accepting a plaintiff's "claim that it may be irreparably harmed if expedited discovery is not permitted" where, *inter alia*, the defendant had registered an internet domain name that infringed on

117778953.v1

plaintiff's rights); *Monsanto Co. v. Woods*, 250 F.R.D. 411, 414 (E.D. Mo. 2008) ("The loss of this evidence would result in irreparable injury to plaintiffs' claims."); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990) (granting expedited discovery in a copyright infringement case so that factual inquiries could be made to avoid further irreparable harm).

Federal courts frequently permit expedited discovery where there is a credible showing that a third party is in possession of potentially relevant information, but are under no duty to preserve that information. *Manny Film, LLC v. Doe*, 2015 WL 12732854, at *1 (S.D. Ohio Mar. 27, 2015) (granting expedited discovery directed to an internet service provider ("ISP") because of "the danger that the ISP will not preserve the information sought"); *Arista Records, LLC v. Does 1-4*, 2007 WL 4178641, at *1 (W.D. Mich. Nov. 20, 2007) (finding that good cause to order expedited discovery is typically found upon allegations of infringement and a danger that third parties "will not preserve the information sought"); *Capitol Records, Inc. v. Doe*, 2007 WL 2429830, at *1 (S.D. Cal. Aug. 24, 2007) (expedited discovery was proper in consideration of the danger that a non-party would not preserve the information that the plaintiffs sought). In this

12

case, all of these bases for good cause are present, and Defendants can show no prejudice from Plaintiffs' requested expedited discovery.

## III.   XFINITY MOBILE'S LIMITED DISCOVERY REQUESTS

Xfinity Mobile seeks permission to serve expedited third-party subpoenas to parties who are likely in possession of relevant information relating to Defendants' improper Scheme, including Amazon, Craigslist, eBay, PayPal, PNC Bank, and shipping companies and/or courier services Defendants are likely using, such as FedEx, UPS, and DHL.

As noted above, these non-parties are presently under no obligation to preserve or produce such evidence.  This will allow Xfinity Mobile to combat the irreparable harm currently being inflicted by Defendants, and eventually stop it altogether.  Federal courts commonly grant leave to serve third-party subpoenas, pursuant to Fed. R. Civ. P. 45, in such cases. *See, e.g., Living Scriptures v. Doe(s)*, 2010 WL 4687679, at \*1–2 (D. Utah, Nov. 10, 2010) (granting leave to serve expedited third-party subpoenas to eBay and PayPal, noting that "the information Plaintiff seeks is transitory in nature"); *Wireless Ass'n*, 2010 WL 11643273 (granting leave to immediately begin issuing Rule 34 requests to third parties under similar circumstances); *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 155 (D. Conn. 2008) (granting plaintiff leave to serve expedited third-party subpoenas

13

to internet service provider); *Warner Bros. Records, Inc. v. Does 1-6*, 527 F. Supp. 2d 1, 2-3 (D.D.C. 2007) (same); *Craigslist, Inc. v. Meyer*, 2010 WL 2975938, at *1 (N.D. Cal. July 26, 2010) (same).

Plaintiffs further request permission to serve their third party subpoenas via FedEx or UPS, as opposed to by personal delivery. The overwhelming weight of authority from federal courts support that Rule 45 does not require personal service; rather, it requires service reasonably calculated to insure receipt of the subpoena by the witness. *See*, *e.g., Bozo v. Bozo*, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013); *In re Falcon Air Exp., Inc.*, 2008 WL 2038799, at *1, *4 (Bankr. S.D. Fla. May 8, 2008); *S.E.C. v. Rex Venture Grp., LLC*, 2013 WL 1278088, at *3 (M.D. Fla. March 28, 2013); *Does*, 2011 WL 4711458, at *4 (S.D. Fla. Oct. 4, 2011); *Codrington v. Anheuser-Busch, Inc.*, 1999 WL 1043861, at *1 (M.D. Fla. Oct. 15, 1999); *In re Application of MTS Bank*, 2018 WL 1718685, at *4 n.3 (S.D. Fla. Mar. 16, 2018).

In addition, many courts have determined that service of third party subpoenas via FedEx or UPS comports with due process because it affords sufficient notice under the Rules. *See*, *e.g., Warsteiner Importers Agency, Inc. v. Republic National Distributing Company, LLC*, 2008 WL 4104568, at *6 (M.D. Fla. July 31, 2008); *Tim Hortons USA, Inc. v. Singh*, 2017 WL 1326285, at *9

14

(S.D. Fla. Apr. 5, 2017); *Mainstream Media, EC v. Riven*, 2009 WL 2157641, at *3 (N.D. Cal. July 17, 2009) (noting that service via FedEx comported with due process); *Ehrenfeld v. Salima Bin Mahfouz*, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (service via FedEx comported with due process); *TracFone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1363–64 (S.D. Fla. 2015) (same and collecting cases).

## CONCLUSION

Based on the arguments and authorities set forth herein, Xfinity Mobile respectfully requests that the Court grant this motion for limited expedited discovery.  A proposed order is attached as Exhibit C.

Respectfully submitted this 25th day of July, 2019.

**CARLTON FIELDS, P.A.**

/s/ Gail Podolsky
Gail Podolsky
Georgia Bar No. 142021
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia  30309
(404) 815-3400
(404) 815-3415 (fax)
Email:  gpodolsky@carltonfields.com

James B. Baldinger (to be admitted *pro hac vice*)
Florida Bar No.  869899
Stacey K. Sutton (to be admitted *pro hac vice*)

15

117778953.v1

Florida Bar No. 289530
CityPlace Tower
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401-6350
(561) 659-7070
(561) 659-7368 (fax)
Email:  jbaldinger@carltonfields.com
Email:  ssutton@carltonfields.com

***Attorneys for Plaintiffs Xfinity Mobile, a brand of Comcast OTR1, LLC, Comcast Cable Communications, LLC, and Comcast Corporation***

16

117778953.v1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2019, I electronically filed the foregoing with the Clerk by using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system.

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served by process server on all parties with a copy of the Complaint and Summonses as follows:

Devin Tech Inc.
1700 Cumberland Point Drive
Suite 21
Marietta, Georgia  30067

Abuzer Emre Ozer
2308 Defoors Ferry Road, N.W.
Atlanta, Georgia 30318

Mehmet Taskin
1720 Garbrooke Cove
Lawrenceville, Georgia 30046

Samet Eraslan
304 Bridle Path
Marietta, Georgia 30068

/s/ Gail E. Podolsky
Gail Podolsky
Georgia Bar No. 142021

17

117778953.v1