# EXHIBIT C

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| XFINITY MOBILE, a brand of COMCAST OTR1, LLC, COMCAST CABLE COMMUNICATIONS, LLC, and COMCAST CORPORATION, | ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | FILE NO. 1:19-cv-3294-JPB |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| DEVIN TECH INC., ABUZER EMRE OZER, SAMET ERASLAN, AND MEHMET TASKIN, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION
## FOR LIMITED EXPEDITED DISCOVERY

This matter is before the Court on Plaintiffs' Motion for Limited Expedited Discovery, [DE 4], (the "Motion"). Upon review of the Motion and supporting record, for the reason set forth herein, the Motion is **GRANTED**.

### FINDINGS OF FACT

1.    In Plaintiffs' Complaint [DE 1] and Motion, they allege that Defendants are engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and deceptive purchase and resale of wireless communications handsets under the brand Xfinity Mobile (collectively "XM Phones" or "Phones"), the theft of Xfinity Mobile's

117802222.v1

financial investment in the Phones, the unlawful access of Xfinity Mobile's protected computer networks, the trafficking of Xfinity Mobile's security codes, and the willful infringement of the Xfinity Mobile trademarks (collectively, the "Scheme").

2.     Plaintiffs allege that they filed this action for damages against Defendants as a result of Defendants' business enterprise that Plaintiffs allege is unlawful and willfully infringes the XFINITY and XFINITY MOBILE trademarks and other rights related to Xfinity Mobile's wireless communications services. Xfinity Mobile alleges that Defendants' conduct is causing Xfinity Mobile to suffer monetary losses and has caused Xfinity Mobile injury.

3.     The gravamen of Xfinity Mobile's allegations is that Defendants are handset traffickers who exploit Xfinity Mobile's financial incentives to acquire Phones by using various unlawful methods to circumvent the policies and procedures that are intended to protect Xfinity Mobile and its legitimate customers, and then resell the illicitly obtained Phones for a substantial profit.

4.     Xfinity Mobile's investigators purportedly received information on thirty-two (32) Phones in Defendants' possession, namely Xfinity Mobile iPhone Xs devices, and all of these Phones were confirmed by Xfinity Mobile's fraud department as fraudulently acquired via telesales.   Xfinity Mobile believes Defendants have trafficked substantially more devices to date and continue to

117802222.v1

engage in this Scheme. Xfinity Mobile further alleges that it has reason to believe that Defendants have enlisted the help of co-conspirators to effectuate their Scheme.

5.     Plaintiffs state that they seek expedited discovery in this case prior to the parties' scheduling conference pursuant to Federal Rule of Civil Procedure 26(f) so they can learn the full extent of the nature and scope of Defendants' alleged ongoing unlawful conduct as quickly as possible in order to stop Defendants' alleged misconduct. Plaintiffs also indicate that they seeks expedited discovery in order to mitigate any additional harm Defendants' alleged improper activities have caused to Xfinity Mobile customers. Xfinity Mobile further argues that it has a strong interest in learning the identities of its legitimate customers whom Defendants have allegedly defrauded so Xfinity Mobile can take steps to make these customers whole.

6.     In particular, Plaintiffs seek permission to serve subpoenas directed to certain non-parties who are likely in possession of information relating to Defendants' scheme but are not under any obligation to preserve or produce such information, such as DHL, UPS, FedEx, Amazon, eBay, PayPal, Craigslist and PNC Bank. Plaintiffs also request permission to serve subpoenas directed on other potential co-conspirators of Defendants.

3

117802222.v1

**CONCLUSIONS OF LAW**

7.     The Federal Rules of Civil Procedure provide that discovery *may commence before* the parties have engaged in a discovery conference, if ordered by the court.  Fed. R. Civ. P. 26(d) and (f) (emphasis added).  Under the rules, "the control of discovery is committed to the sound discretion of the trial court."  *Mut. Serv. Ins. Co. v. Frit Indus., Inc*., 358 F.3d 1312, 1322 (11th Cir. 2004).  The Court has "broad discretion" in the scheduling of discovery. *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).

8.     Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery.  *See, e.g.*, *See, e.g., PowderPak Int'l, LLC v. B.F. Mach., Ltd*, No. 4:16-CV-0026-HLM, 2016 WL 9450407, at \*2 (N.D. Ga. Mar. 1, 2016) ("A party seeking expedited discovery must show good cause."); *Merial LLC v. Fidopharm, Inc.*, No. 1:13-CV-1207-SCJ, 2013 WL 12072140, at \*2 (N.D. Ga. May 22, 2013). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

9.     The record in this case, including the allegations in the Complaint, sufficiently demonstrate that good cause exists for expedited discovery into

4

Defendants' alleged unlawful activity and the harm such alleged activity has caused Xfinity Mobile. This is particularly true in light of Xfinity Mobile's argument that third parties are potentially in possession of relevant information and are under no duty to preserve that information. *See Manny Film, LLC v. Doe*, 2015 WL 12732854, at *1 (S.D. Ohio Mar. 27, 2015) (granting expedited discovery directed to an internet service provider ("ISP") because of "the danger that the ISP will not preserve the information sought"); *Arista Records, LLC v. Does 1-4*, 2007 WL 4178641, at *1 (W.D. Mich. Nov. 20, 2007) (finding that good cause to order expedited discovery is typically found upon allegations of infringement and a danger that third parties "will not preserve the information sought"); *Capitol Records, Inc. v. Doe*, 2007 WL 2429830, at *1 (S.D. Cal. Aug. 24, 2007) (expedited discovery was proper in consideration of the danger that a non-party would not preserve the information that the plaintiffs sought).

10.    The Court further finds that expedited discovery is warranted so that Xfinity Mobile may mitigate any additional irreparable harm caused by Defendants' ongoing alleged scheme. *See, e.g.*, *United States v. Mayer*, 2003 WL 1950079, at *1-2 (M.D. Fla. Feb. 20, 2003) (ordering expedited civil discovery due to the risk of irreparable injury); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990) (granting plaintiff expedited discovery in copyright infringement case so that factual inquiries could

5

be made to avoid further irreparable harm).  Courts in this District and others have granted the relief Plaintiffs seeks.  *See, e.g.*, *Sprint Nextel Corporation v. Ace Wholesale, Inc.*, Case No. 1:12-cv-02901 (Aug. 23, 2012); *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, No. 19-20604, 2019 WL 1323116, at \*2 (S.D. Fla. Feb. 22, 2019) (same); *TracFone Wireless, Inc. v. Nektova Grp., LLC*, 328 F.R.D. 664, 666 (S.D. Fla. 2019) (same).

11.    Plaintiffs request permission to serve subpoenas on third parties that it reasonably believes may have information relating to the case, including DHL, UPS, FedEx, Amazon, eBay, PayPal, Craigslist, PNC Bank and other potential co-conspirators of Defendants.  The Court finds that it is appropriate for Plaintiffs to commence third-party discovery and that the third parties shall comply with the subpoenas.

12.    Plaintiffs also requests permission to serve their third party subpoenas via FedEx[1] or UPS, as opposed to by personal delivery.  While the Eleventh Circuit has not weighed in on this issue, the overwhelming weight of authority from federal courts support the position that Rule 45 does not require personal service, but rather requires service reasonably calculated to insure receipt of the subpoena by the witness.  *See*, *e.g., Bozo v. Bozo*, 2013 WL 12128680, at \*1 (S.D.

---

[1] The Court notes that it is referring to the express mail service operated by FedEx Corporation. Some opinions refers to that company as "Federal Express," but that actually is not the name of the company. *See* https://about.van.fedex.com/our-story/history-timeline/history/

6

Fla. Aug. 16, 2013); *In re Falcon Air Exp., Inc.*, 2008 WL 2038799, at *1, *4 (Bankr. S.D. Fla. May 8, 2008); *S.E.C. v. Rex Venture Grp., LLC*, 2013 WL 1278088, at *3 (M.D. Fla. March 28, 2013); *Does*, 2011 WL 4711458, at *4 (S.D. Fla. Oct. 4, 2011); *Codrington v. Anheuser-Busch, Inc.*, 1999 WL 1043861, at *1 (M.D. Fla. Oct. 15, 1999); *In re Application of MTS Bank*, 2018 WL 1718685, at *4 n.3 (S.D. Fla. Mar. 16, 2018).  The Court agrees with these cases and finds that service of the third party subpoenas permitted under this order may be made by a method other than personal delivery, namely, FedEx or UPS, as such methods are reasonably calculated to insure receipt of the subpoena by the witness which the Court finds is the appropriate standard under Rule 45.

## RELIEF

Accordingly, for the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Expedited Discovery is **GRANTED.**  The Court hereby **ORDERS** that:

i.      Plaintiffs may serve subpoenas duces tecum on third parties it reasonably believes may have information relating to the case in a form that substantially complies with the law of this jurisdiction and the Federal Rules of Civil Procedure.

ii.     Any third parties served with subpoenas duces tecum shall respond within fourteen (14) days.  Plaintiffs may serve the third-party subpoenas duces

117802222.v1

tecum via FedEx or UPS and any third parties so served with subpoenas duces tecum pursuant to this Order are expressly ordered to accept service of the same via FedEx.

iii.    Plaintiffs shall serve a copy of this Order on Defendants by FedEx or UPS and then promptly shall file a notice of service of the same after the Order is served.

**DONE AND ORDERED** this ___ day of _____, 2019.

_____
THE HONORABLE J. P. BOULEE
United States District Judge

8